UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **CARLA TRACY,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**EVERYTHING BREAKS INC.** a Delaware corporation,<br><br>*Defendant,* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Carla Tracy ("Plaintiff Tracy" or "Tracy") brings this Class Action Complaint and Demand for Jury Trial against Defendant Everything Breaks Inc. ("Defendant" or "Everything Breaks") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by making telemarketing calls to consumers without consent including calls to phone numbers that are registered on the National Do Not Call registry ("DNC") and to consumers who have expressly requested that the calls stop. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Tracy, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## PARTIES

1. Plaintiff Tracy is a resident of Enfield, Connecticut.

2. Defendant Everything Breaks is a corporation registered in Delaware, with its headquarters located in Dallas, Texas. Defendant Everything Breaks conducts business throughout this District and throughout the US, including Connecticut.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant because the Defendant transacts business in this District and places calls to consumers into this District.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because the Plaintiff resides in this District and the wrongful conduct giving rise to this case was directed into this District.

## INTRODUCTION

6. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number

of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

7. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

8. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

9. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

10. According to online robocall tracking service "YouMail," 4.5 billion robocalls were placed in April 2023 alone, at a rate of 151.6 million per day. www.robocallindex.com (last visited May 28, 2023).

11. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

14. Everything Breaks provides warranty plans for a number of products/services including extended vehicle warranties throughout the U.S.[3]

15. Everything Breaks places solicitation calls to consumers to solicit warranty plan sales.

16. Unfortunately, some of these calls from Everything Breaks are being placed to consumers without consent, including to consumers that registered their phone numbers on the DNC, as per Plaintiff's experience.

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.linkedin.com/company/everything-breaks/about/

4

17. To make matters worse, Everything Breaks lacks a sufficient opt-out system to ensure that a consumer who notifies Everything Breaks to stop calling them will be removed from their calling list.

18. According to the former Sales Project Manager for Everything Breaks, Defendant places cold calls using a team of screeners which represent approximately half of the staff at Everything Breaks:




Karla GC (She/Her)
Cat Mom. Website Project Manager. Measuring and Tracking Progress. Remote worker since 2016.

Sales Project Manager
Everything Breaks · Full-time
Oct 2022 - Mar 2023 · 6 mos
Remote

Coordinate a team of screeners (50), closers (18) and copywriters (3) to successfully meet sales quotas (30-50 daily sales) via telemarketing. Efficiently analyzed data from cold calls and designed and tweaked the script closers and screeners used to verify potential customers from our existing data base and offer them home protection plans.

Skills: Business Intelligence (BI) · Customer Satisfaction · Customer Retention · Customer Insight · Key Performance Indicators · Reporting & Analysis · Cold Calling · Warm Calling · ChatGPT · Copywriting · Project Management · Communication · Organizational Leadership · Conflict Resolution · Agile Project Management [4]

19. A number of consumers have posted complaints online directly to Everything Breaks about unsolicited telemarketing calls, including complaints from consumers who were unable to get Everything Breaks to stop calling when they opted out, including:

- "Calls me about 2-3x a day. ***I keep asking them not to call me. To take my name off the list they won't.*** It's been about 2 weeks now every day. Borderline HARASSMENT!!!"[5] (emphasis added)

---

[4] https://www.linkedin.com/in/karla-gc-83bb651b0/?originalSubdomain=mx
[5] https://www.bbb.org/us/tx/dallas/profile/warranty-plans/everything-breaks-0875-90916669/customer-reviews

5

- "I keep getting unwanted calle from this company. I will sue if they keep calling me. ***Time after time, I have clearly expressed that I have no need nor interest in what they offer***."[6] (emphasis added)

- "I have received over 14 Robo calls from this business just this week. In total from early February I have received hundreds of calls from this company. I have never done business with this company nor would I ever do any business with them. ***My phone number is on the Do Not Call Registry and I have asked numerous times for my number to be removed.*** I'm requesting that all communication be ceased immediately. I have the No Robo app which intercepts the calls and also keeps a record of the calls. My next step will be to file a complaint with the Do Not Call registry and my attorney general."[7] (emphasis added)

- "I have received over 12 calls in the past few days from this number identified as spam by a Robo app. ***I am on the do not call registry*** and I have never done business with this company I live in a completely different state and time zone. I will be contacting the Do Not Call registry to file a complaint."[8]

- "Spam calls"[9]

20. In response to these calls, Plaintiff Tracy brings forward this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, as well as an award of statutory damages to the members of the Classes and costs.

## PLAINTIFF TRACY'S ALLEGATIONS

21. Plaintiff Tracy registered her cell phone number on the DNC on October 21, 2006.

---

[6] Id.
[7] https://www.bbb.org/us/tx/dallas/profile/warranty-plans/everything-breaks-0875-90916669/complaints
[8] https://www.google.com/search?q=everything+breaks
[9] Id.

22. Plaintiff Tracy uses her cell phone number for personal use only as one would use a landline telephone number in a home.

23. The calls that Plaintiff Tracy received from Defendant Everything Breaks were all received more than 31 days after Plaintiff registered her cell phone number on the DNC.

24. In April of 2023, Plaintiff Tracy started receiving unsolicited telemarketing calls from Everything Breaks to her cell phone number. The purpose of the calls was to sell Plaintiff an extended vehicle warranty for a vehicle that she does not even own.

25. On April 26, 2023 at 2:37 PM, Plaintiff Tracy received an unsolicited call to her cell phone from Everything Breaks, from 860-241-5671. When this call was answered, an employee identified the company name Everything Breaks. As with the previous calls, the purpose of the call was to sell an extended vehicle warranty.

26. Plaintiff spoke to this employee and told him to stop calling her.

27. According to Youmail.com, a telemarketing complaint website, 860-241-5671 is commonly reported as being owned by Everything Breaks:

> **Commonly Reported Names**
>
> Everything Breaks Inc
>
> **This number also appears as**
>
> 860-241-5671 [10]

28. When 860-241-5671 is called, it is answered by Everything Breaks.

29. Despite her clear stop request, Plaintiff continued to receive unsolicited calls from Defendant Everything Breaks to her cell phone, specifically from phone number 860-241-5671.

30. Plaintiff Tracy received the following unsolicited calls from Defendant Everything Breaks to her cell phone number, from 860-241-5671:

- April 27, 2023 at 11:40 AM – Not answered
- April 27, 2023 at 7:41 PM – Not answered
- April 27, 2023 at 7:42 PM – Answered – identified as Everything Breaks. Plaintiff told the employee to stop calling.
- April 28, 2023 at 1:57 PM – Not answered
- May 1, 2023 at 11:09 AM – Not answered
- May 2, 2023 at 11:37 AM – Not answered
- May 4, 2023 at 11:16 AM – Answered, but Plaintiff hung up right away
- May 4, 2023 at 11:16 AM – Not answered
- May 8, 2023 at 10:50 AM – Not answered
- May 8, 2023 at 10:51 AM – Answered - identified as Everything Breaks. Plaintiff told the employee to stop calling.
- May 9, 2023 at 11:41 AM – Not answered
- May 10, 2023 at 1:09 PM – Not answered
- May 10, 2023 at 1:10 PM - Answered, but Plaintiff hung up right away

---

[10] https://directory.youmail.com/phone/860-241-5671

- May 12, 2023 at 1:16 PM – Not answered
- May 18, 2023 at 10:33 AM – Not answered
- May 18, 2023 at 7:34 PM – Not answered
- May 18, 2023 at 7:35 PM – Answered, but Plaintiff hung up right away after hearing the company name Everything Breaks
- May 19, 2023 at 1:40 PM – Not answered
- May 24, 2023 at 10:11 AM – Not answered
- May 25, 2023 at 10:17 AM – Not answered
- May 30, 2023 at 4:02 PM – Not answered
- June 1, 2023 at 10:15 AM – Not answered
- June 1, 2023 at 10:16 AM – Answered, but Plaintiff hung up right away

31. On June 3, 2023 at 3:22 PM, Plaintiff Tracy received another unsolicited call to her cell phone from Everything Breaks, from 203-403-2574. When this call was answered, an employee identified the company name Everything Breaks. As with the previous calls, the purpose of the call was to sell an extended vehicle warranty.

32. Plaintiff was very upset when she received this call and demanded that the calls stop.

33. 203-403-2574 is a spoofed phone number. When the number is called, it is not in service as of June 13, 2023.[11]

34. Despite yet another stop request, Plaintiff received another call on June 3, 2023 at 3:34 PM from Everything Breaks, from 203-733-0664. Plaintiff answered this call to confirm that it was Everything Breaks and then hung up.

---

[11] Based on an investigation conducted by Plaintiff's attorneys.

35. When 203-733-0664 is dialed, it leads to the voicemail of a consumer who is unaffiliated with Everything Breaks and who does not appear to be a telemarketer. Upon information and belief, 203-733-0664 is a spoofed phone number.

36. As of June 8, 2023, Plaintiff Tracy was still receiving unsolicited calls from Defendant Everything Breaks.

37. On May 11, 2023, Plaintiff's attorneys sent a cease and desist email demanding proof of consent to Everything Breaks. According to Email Tracker, the email was received and opened on May 11, 2023 at 10:15 AM. Plaintiff's attorneys did not receive a response from Everything Breaks, but Plaintiff Tracy continued to receive unsolicited calls from Defendant despite this email from counsel.

38. Plaintiff Tracy has never done business with Everything Breaks and has never given them consent to call her phone number.

39. The unauthorized solicitation telephone calls that Plaintiff Tracy received from or on behalf of Defendant Everything Breaks have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, occupied her phone line, and disturbed the use and enjoyment of her phone.

40. Seeking redress for these injuries, Plaintiff Tracy, on behalf of herself and Classes of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

41. Plaintiff Tracy brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Classes:

**Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Everything Breaks called more than one time, (2) within any 12-month period, (3) where the person's residential telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant called Plaintiff.

**Internal Do Not Call Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant Everything Breaks called more than one time on their residential telephone number, (2) within any 12-month period (3) for substantially the same reason Defendant called Plaintiff, (4) including at least once after the Defendant's records reflect the person requested that they stop calling.

42. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Tracy anticipates the need to amend the Class definition following appropriate discovery.

43. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable, and Plaintiff is a member of the Classes.

44. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

    (a)    Whether Defendant's conduct violated the TCPA;

    (b)    Whether Defendant placed multiple calls within a 12-month period to Plaintiff and other consumers whose telephone numbers were registered with the DNC for at least 30 days of the time of each call;

    (c)    whether Defendant engaged in telemarketing without implementing adequate internal policies and procedures for maintaining an internal do not call list;

    (d)    whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

45. **Adequate Representation**: Plaintiff Tracy will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff Tracy has no interests antagonistic to those

of the Classes, and the Defendant has no defenses unique to Plaintiff. Plaintiff Tracy and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff Tracy nor her counsel have any interest adverse to the Classes.

46. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff Tracy. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Tracy and the Do Not Registry Class)**

47. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

48. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered her or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

49. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

50. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff Tracy and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

51. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff Tracy and

the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

52. As a result of Defendant's conduct as alleged herein, Plaintiff Tracy and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

53. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**SECOND CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Tracy and the Internal Do Not Call Class)**

54. Plaintiff repeats and realleges paragraphs 1 through 46 of this Complaint and incorporates them by reference herein.

55. Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

(1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is

made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

56. Defendant placed calls to Plaintiff and members of the Internal Do Not Call Class without implementing internal procedures for maintaining a list of persons who request not to be called by the entity and/or by implementing procedures that do not meet the minimum requirements to allow Defendant to initiate telemarketing calls/text messages.

57. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

58. Defendant has, therefore, violated 47 U.S.C. § 227(c)(5). As a result of Defendant's conduct, Plaintiff and the other members of the Internal Do Not Call Class are each entitled to up to $1,500 per violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above; appointing Plaintiff as the representative of the Classes; and appointing her attorneys as Class Counsel;

b) An award of money damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Tracy requests a jury trial.

Respectfully Submitted,

**CARLA TRACY**, individually and on behalf of all others similarly situated,

DATED this 14th day of June, 2023.

By: /s/ *Jason R. J. Campbell*

Jason R. J. Campbell, Esq.
Charlestown Law Group
The Schrafft Center Power House
529 Main Street, Suite P200
Charlestown, Massachusetts 02129
(617) 872-8652
jcampbell@charlestownlawgroup.com

Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 S Dixie Hwy, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorney for Plaintiff and the putative Classes*

* *Pro Hac Vice* Admission to Be Sought